# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>           Plaintiff,<br>v.<br><br>Donald Hiatt,<br><br>           Defendant. | No. CV 24-02129 PHX CDB<br><br>**ORDER** |

**IT IS ORDERED that** Plaintiff's motion for judgment by default at ECF No. 12 is **denied**, as for good cause shown the entry of Defendant's default has been vacated and Defendant has appeared and answered the Complaint.

**IT IS FURTHER ORDERED that** a **telephonic** scheduling conference is set for **Monday, November 25, 2024, at 1:00 p.m.** Mountain Standard Time. Both parties shall participate in the scheduling conference **telephonically**, which shall be conducted from the Magistrate Judge's chambers and will not be conducted on the record. **The parties will be provided a conference call number via email.** The parties participating in the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed. Accordingly,

**IT IS FURTHER ORDERED that:**

(1) The parties are directed to meet and confer at least twenty-one (21) days before the conference, in accordance with Rule 26(f), Federal Rules of Civil Procedure, to discuss the following matters:

A. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

B. Any matters relating to jurisdiction or venue or the joinder of additional parties;

C. A schedule of all pretrial proceedings;

D. Modification of pretrial procedures due to the simplicity or complexity of the case;

E. Arrangements for initial disclosures in compliance with Rule 26(a)(1), Federal Rules of Civil Procedure.  Unless otherwise stipulated or directed by the Court, initial disclosures shall be made at or within 10 days after the meeting of the parties;

F. Any other matters which counsel believe may help dispose of the matter in an efficient manner.

**(2) The parties shall file with the court not less than seven (7) days before the scheduling conference, a joint report reflecting the results of their meeting and outlining the discovery plan.** The report shall include individually numbered brief statements indicating:

A. The nature of the case: the factual and legal basis of Plaintiff's claims and Defendant's defenses;

B. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

C. The jurisdictional basis of the case citing specific jurisdictional statutes;

D. The parties, if any, that have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

E. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions;

F. The status of related cases pending before other judges of this court or before other courts;

G. A statement of when initial disclosures were made or will be made, or any proposed changes in the requirements for initial disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure;

H. Proposed deadlines for:

    (1) filing motions to amend pleadings and motions to join additional parties;
    (2) disclosure of expert testimony under Rule 26(a)(2), Federal Rules of Civil Procedure and for completing expert witness depositions;
    (3) completing written discovery and the deposition of fact witnesses;
    (4) disclosure of Electronically Stored Information ("ESI");
    (5) filing dispositive motions; and
    (6) conducting good faith settlement negotiations.

I. Estimated length of trial;

J. Whether a jury trial has been requested;

K. The prospects for settlement and whether any party wishes to have a settlement conference with another Magistrate Judge. *See* LRCiv 83.10;

L. Any unusual, difficult, or complex problems affecting the conduct of the case;

M. Any other matters which will aid the Court and the parties in resolving this case in a just, speedy, and inexpensive manner as required by Rule 1, Federal Rules of Civil Procedure.

After the conference, the Court will enter an order limiting the time within which the parties may file pretrial motions, complete discovery, and file the joint pretrial statement. The Court's order shall control the course of the action unless modified by subsequent order.

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure, and to minimize the expense of discovery, and to ensure that all pleadings comply with Local Rules of Civil Procedure 7.1 and 7.2. Both parties appear in this matter without counsel. They are advised to become familiar with, and follow, the

Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which rules are available on the Court's website, https://www.azd.uscourts.gov, under the heading "Rules, General Orders & Forms." Additionally, during the pendency of this case, the parties must understand the role of this federal trial judge in the resolution of civil disputes and the administration of justice. The United States Supreme Court has made it clear that federal judges have no obligation to act as counsel or paralegal to pro se litigants because requiring trial judges to explain the details of federal procedure or act as a pro se litigant's counsel would undermine the judge's role as impartial decisionmakers. Specifically, a federal judge does not have license to rewrite an otherwise deficient pleading. Plaintiff and Defendant are directed to information on the Court's website: https://publicapps.azd.uscourts.gov/prose-survey, where a "handbook" for pro se litigants may be found.

Dated this 24th day of October, 2024.

_____
Camille D. Bibles
United States Magistrate Judge