1  Jason Crews
   1515 N Gilbert Rd Suite 107-204
2  Gilbert, AZ 85233
3  Telephone: (602) 295-1875
   e-Mail: jason.crews@gmail.com
4
   *In Propria Persona*
5

6

7                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF ARIZONA**
8

9  Jason Crews,                        | Case No. cv24-02129-PHX-CBD

10          Plaintiff,                 | **RULE 26(f) CASE MANAGEMENT**
                                        | **REPORT**
11 v.

12 Donald Hiatt,                       | Judge:  Hon. Camile Bibles

13          Defendant.

14

15      In accordance with the Court's October 24, 2024 order (Doc. 25), Plaintiff and

16 defense counsel conferred by phone, on October 17, 2024, to discuss the matters set forth

17 in Rule 26(f)(2).  Accordingly, Plaintiff Jason Crews, *pro se*, and defense Donald Hiat, *pro*

18 *se*, submit this Joint Case Management Report.

19

20   1. **RULE 26(f) MEETING**

21      The following persons attended the Rule 26(f) meeting and assisted in developing

22 this report:

23      Plaintiff, Jason Crews, *Pro Se*

24      Donald Hiatt, *Pro Se*

25   2. **LIST OF PARTIES**

26      Plaintiff Jason Crews

27      Defendant Donald Hiatt

28   3. **STATEMENT OF THE NATURE OF THE CASE**

        Plaintiff brings this action to recover statutory damages for alleged willful violations

                                            1

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Plaintiff's claims relate to one call containing a prerecorded voice allegedly received by Plaintiff to his cell phone on July 29, 2024 without his prior express consent in violation of § 227(b).  Plaintiff alleges that these calls were placed en mass in in full knowledge that the calls were prohibited thus willfully violating the TCPA.

Donald Hiatt, defendant,  contends:

When the Plaintiff registered to vote, the cell phone number supplied by Plaintiff was voluntarily proffered to AZ GOP Data Center. The phone number field on a voter registration form (paper or electronic) is NOT a required field and thus was voluntarily supplied, with knowing consent, by the Plaintiff.
Before candidates are granted access to information and data stored in AZ GOP Data Center, the candidate must wet sign a Permissible Usage agreement that states:

PERMISSIBLE USAGE: It is understood that the information contained in GOP Data Center may be used for any legal purpose that may reasonably be categorized as both non-commercial and political. Under no circumstances shall any information incorporated in GOP Data Center be used for commercial purposes.

## 4.  JURISDICTION

The Court has subject matter jurisdiction over this action because the claim arises under the TCPA.  *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 132 S.Ct. 740 (2012); 28 U.S.C. § 1331.

## 5.  PARTIES WHO HAVE NOT BEEN SERVED

All Defendants were either served or have appeared and consented to the Court's jurisdiction.

## 6.  ADDITIONAL PARTIES

Plaintiff does not anticipate adding parties to the case at this time.  Plaintiff reserves the right to amended and/or supplement his complaint, with leave of the court, relief following further investigation and discovery.

Defendant does not anticipate adding parties to the case at this time.  Defendant

2

reserves the right to amend and/or supplement his complaint, with leave of the court, relief following further investigation and discovery.

## 7. CONTEMPLATED MOTIONS

Plaintiff is not presently contemplating a need for either dispositive motions or evidentiary motions but reserves the right to pursue appropriate relief following further investigation and discovery.

Defendant is not presently contemplating a need for either dispositive motions or evidentiary motions but reserves the right to pursue appropriate relief following further investigation and discovery.

## 8. STATUS OF RELATED CASES

Plaintiff is currently pursuing TCPA claims against other parties in the District of Arizona, but those cases involve different defendants, and are unrelated to this matter.

## 9. EXCHANGE OF INITIAL DISCLOSURES

Plaintiff has served initial disclosures to defendants, on October 16, 2024.

Pursuant to this Court's October 25, 2024 Order, Doc 25, Defendant Donald Hiatt was required to serve initial disclosures no later than October 27, 2024.  To date, Defendant Hiatt has yet to do so.

## 10. STATUS OF SERVICE OF REQUESTS UNDER RULE 26

Plaintiff to serve requested under Rules 30 and/or 31, and Plaintiff has served request under Rules 33, 34, and 35 on October 17, 2024.Defendant to serve requested under Rules 30 and/or 31 and will serve request under Rules 33, 34, and 35.

## 11. ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI)

Plaintiff intends to seek ESI in the form of records and documents which should be readily available to Defendant.  Plaintiff will endeavor to limit request in scope to limit the costs associated with discovery of ESI.

Defendant intends to seek ESI in the form of records and documents which should be readily available to Plaintiff. Defendant will endeavor to limit request in scope to limit the costs associated with discovery of ESI.

**12. ISSUES RELATING TO PRIVILEGE OR WORK PRODUCT**

The parties have not made any agreement regarding the post-production assertion of attorney-client privilege or work product protection.

The parties do not anticipate at this time any likely assertion of attorney-client privilege or work product privilege, but they reserve the right to assert such privileges as appropriate.

**13. POTENTIAL RULE 502(d) ORDERS**

Plaintiff has no objection to a Rule 502(d) order permitting the post-production assertion of attorney-client privilege or protection under the work product doctrine.

Defendant has no objection to a Rule 502(d) order permitting the post-production assertion of attorney-client privilege or protection under the work product doctrine.

**14. NECESSARY DISCOVERY**

**A.    Proposed Discovery By Plaintiff**

Plaintiff believes the following discovery is warranted in this action which he believes is reasonable and proportional to the nature and number of violations alleged:

1.    Discovery pertaining to nature, processes, and procedures used to place phone calls to Plaintiff. This includes, but is not limited to, any automated dialing systems which may have been used, any other systems which were used independently or in conjunction with one another which could fall under the definition 47 U.S.C. § 227(a)(1), and which would be prohibited under 47 U.S.C. § 227(b)(1)(A);

2.    Discovery pertaining to the existence of written policy, available upon demand, for maintaining a do-not-call list which is required under C.F.R § 64.1200(c)(1);

3.    Discovery pertaining to the willfulness of Defendants alleged calls;

4.    Plaintiff intends to request written discovery, depositions, admission, and interrogatories as permitted under Rules 26(b)(1), 32(a)(1), 33(a)(1), 34 and 36.

5.      Plaintiff expects to depose Defendant Hiatt.

6.      Discovery pertaining to the identity of any third parties which Defendant Hiatt may have utilized to place any alleged violative calls.

**B.      Defendants' Position Regarding Discovery**

Defendant believes the following discovery is warranted in this action which he believes is reasonable and proportional to the nature and number of violations alleged:

1.      Discovery pertaining to business or financial activities that provide substantive or majority of income to Plaintiff in the last two years.  This includes, but is not limited to, any related claims against other parties in the District of Arizona, whether mutually settled with a financial renumeration, Voluntarily Dismissed with Prejudice and no financial renumeration and the number of claims still open and the financial demands for relief of those open claims.

2.      Defendant intends to request written discovery, depositions, admission, and interrogatories as permitted under Rules 26(b)(1), 32(a)(1), 33(a)(1), 34 and 36.

3.      Defendant expects to depose Plaintiff.

## 15. PROPOSED DEADLINES

The parties propose that the Court adopt the following deadlines:

| | |
|---|---|
| Completion of fact discovery: | June 28, 2025 |
| Disclosure of expert opinions by Plaintiff: | Not anticipated (otherwise 6/28/2025) |
| Disclosure of Defendant's expert opinions: | Not anticipated (otherwise 7/26/2025) |
| Disclosure of rebuttal expert opinions: | Not anticipated (otherwise 8/16/2025) |
| Completion of expert depositions: | Not anticipated (otherwise 9/13/2025) |
| Good faith settlement talks | June 28, 2025 |
| Filing of dispositive motions: | July 26, 2024 (10/11/2025 if experts) |
| Initial Rule 33 and 34 requests | April 19, 2025 |
| Initial Rule 30 and 31 requests | May 3, 2026 |
| Rule 35 request | Not anticipated |

## 16. JURY TRIAL

Plaintiff has requested a Jury trial.

Defendant - has not requested a Jury trial.

## 17. ESTIMATED LENGTH OF TIRAL

Plaintiff estimated the trial will take 2 court days.

Defendant does not believe the trial will take more than 2 court days.

## 18. PROSPECTS FOR SETTLEMENT

Plaintiff's statement: The parties are presently at an impasse in settlement negotiations but Plaintiff believes the they would benefit from a court facilitated settlement conference.  Plaintiff has attempted to engage in good faith settlement talks with Defendant and as a result of those talks Plaintiff believes further talks will not be possible without the confidentiality protections afforded by the alternative dispute resolution process and the mediation of a magistrate.

Defendant's statement:  The parties are presently at an impasse in settlement negotiations but Defendant believes they would benefit from a court facilitated settlement conference.  Defendant has attempted to engage in good faith settlement talks with Plaintiff and as a result of those talks Defendant believes further talks will not be possible without the confidentiality protections afforded by the alternative dispute resolution process and the mediation of a magistrate.

## 19. ANY UNUSUAL, DIFFICULT, OR COMPLEX PROBLEMS AFFECTING THE CONDUCT OF THE CASE

Plaintiff has not identified any such issues at this time.

Defendant  has not identified any such issues at this time.

## 20. OTHER MATTERS

Plaintiff  requests that this Court hold pre-trial conferences (including the Case Management Conference) by telephone or virtual means to limit the time and expense for the parties and counsel.

1    DATED October 30, 2024.

2

3                                      By  */s/ Jason Crews*
                                           Jason Crews
4                                          1515 North Gilbert Road, Suite 107-204
                                           Gilbert, Arizona 85234
5
                                        *Plaintiff in pro per*
6
                                      By  */s/ Donald Hiatt.* (with permission)
7                                          Donald Hiatt
                                           …
8                                       *Defendant in pro per*

9

10                    **<u>CERTIFICATE OF SERVICE</u>**

11        I hereby certify that on October 30, 2024, I electronically filed the foregoing **RULE**

12   **26(f) CASE MANAGEMENT REPORT** with the Clerk of the Court using the CM/ECF

13   system, which sent notification of such filing to the following CM/ECF registrants and

14   mailed and emailed to anyone not registered:

15

16

17                                      By_____*/s/ Jason Crews*_____

18

19

20

21

22

23

24

25

26

27

28