Jason Crews
1515 N Gilbert Rd, 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| Jason Crews, | Case No.: cv24-02129-PHX-CBD |
|---|---|
| Plaintiff, | |
| v. | Plaintiff's Request for Reconsideration of |
| Donald Hiatt | Defendant's Motion to Seal |
| Defendants. | |

    Plaintiff Jason Crews respectfully moves this Court to reconsider its Order (ECF No. 32) denying Defendant's Motion to Seal (ECF No. 24). This Motion for Reconsideration is based on a material misunderstanding of the sensitive information contained in the underlying motion.

    In its Order, the Court denied the motion to seal because it understood the motion to contain only Defendant's contact information (phone number and email address). However, the motion in question (ECF No. 18) also contains Plaintiff's sensitive banking information, which the Court specifically identified as the type of information that would justify sealing under the "compelling reasons" standard cited in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

//

1

# MEMORANDUM OF POINTS AND AUTHORITIES

I. Legal Standard

As noted in the Court's Order, a party must present "compelling reasons" to justify sealing court records. *Kamakana*, 447 F.3d at 1179. The Court specifically acknowledged that banking information would constitute the type of sensitive personal information that might warrant sealing to prevent it from becoming "a vehicle for improper purposes."

II. Argument

Reconsideration is warranted because:

1. The Court's Order was based on the understanding that the motion contained only contact information (phone number and email address);
2. The motion actually contains Plaintiff's sensitive banking information, including account details that could be used for improper purposes if publicly accessible;
3. The Court's own Order explicitly recognizes banking information as the type of sensitive personal information that would justify sealing under the Kamakana standard; and
4. Public access to Plaintiff's banking information creates a substantial risk of identity theft and financial fraud, precisely the type of "improper purposes" that justifies sealing under Ninth Circuit precedent.

III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its Order denying the motion to seal. The presence of sensitive banking information provides the "compelling reasons" required under Kamakana to justify sealing the motion.

Dated: **November 12, 2024**

*/s/Jason Crews*

Jason Crews

2

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

**COPIES** of the forgoing were emailed to
Donald Hiatt
donald@donhiatt.com

By:  _____/s/*Jason Crews*_____

  Jason Crews