Donald Hiatt
2725 S Flint Circle
Mesa, AZ 85202
480 786-9292
donald@donhiatt.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX, DIVISION

JASON CREWS,                                    Case No.: cv24-02129-PHX-CBD

            Plaintiff,

vs.                                             MOTION TO SETTLE

DONALD HIATT,

            Defendant

Defendant (Hiatt) respectfully requests the court to consider this Motion to settle this matter.

This Release and Settlement Agreement (This "**Agreement**") is entered into as of this November 20, 2024 (The "**Effective Date**"), by and between Jason Crews ("**Crews**") on the one hand and Donald Hiatt ("**Hiatt**"). Crews and Hiatt are referred to herein collectively as the "**Parties**" and individually as a "**Party**."

### RECITALS

**WHEREAS**, Crews alleges that he received a marketing call from Accused Entity on July 29, 2024. Crews alleges the call violated the Telephone Consumer Protection Act ("TCPA");

**WHEREAS**, Hiatt denies all liability for TCPA violations and Mr. Crews' Claims;

**WHEREAS**, the Parties desire to compromise and settle any and all claims and causes of action of any kind whatsoever, which Crews may have against Hiatt as herein set forth to avoid the uncertainty of expensive and time consuming litigation.

**WHEREAS**, nothing contained herein is to be construed as an admission of liability on the part of Hiatt, and there shall be no interpretation against Hiatt.

**NOW, THEREFORE**, in consideration of the release, promises, covenants, representations and warranties contained in this Agreement and other consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

MOTION TO SETTLE - PG 1

**AGREEMENT**

1.    **CONSIDERATION**.   The Parties agree that in consideration for a Release of claims set forth in Paragraph 2, below:

    a.    Hiatt will pay Crews the sum of $1987.86 for all costs included in this release and settlement agreement payable in certified funds within 3 days of acceptance of this offer.

    b.    Hiatt agrees to place (602) 295-xxxx on his internal Do Not Call list within (2) business days and communicate to its marketers not to call Crews.

    c.    Crews will deliver to Hiatt a copy of this Agreement executed by Complainant ("**Executed Agreement**"). For purposes of this Agreement, transmission by facsimile or electronic mail of any original document, and retransmission of any signed facsimile transmission or electronic mail, shall be deemed the same as delivery of an original.

    d.    Crews shall dismiss any and all claims filed against Hiatt with prejudice, including, but not limited to, the lawsuit filed in United States District Ourt for the District of Arizona Phoenix Division, case number CV24-02129-PHX-CBDD, within five (5) days of receipt of the Release and Settlement Agreement.

    2.    **RELEASE**. In exchange for the above-defined Consideration, Crews hereby irrevocably and unconditionally releases and forever discharges Hiatt and its officers, managers, directors, stockholders, members, employees, and attorneys from any and all actions, causes of, suites, claims, rights, damages, losses, costs, expenses (including attorney' fees and cost actually incurred) to the extent arising out of Crew's Claims, that Ms. Crews now has, owns or holds or at any time heretofore ever had, owned or held, or could have had, owned or held against Hiatt to the extent related to or arising from Crew's Claims. For clarity, this Agreement releases any third-party vendor, agent, or marketer that may have placed calls to Ms. Crews.

    3.    **REPRESENTATIONS, WARRANTIES, AND COVENANTS**. Each Party hereby represents and warrants to and covenants to the other Party that such Party (a) has read and understands this Agreement, including the release set forth herein, and had entered into it voluntarily and without coercion; (b) has been advised, and has had the opportunity, to consult with legal counsel of its choosing with respect to this Agreement and the matters contemplated hereby; (c) is entering into this Agreement based upon its own investigation and is not relying on any representations or warranties of the other Party or any other person not set forth herein; (d) acknowledges that it is entering into this Agreement with full knowledge and understanding that in exchange for the benefits to be received as described herein, it is giving up certain rights that such Party may not have or may later acquire; (e) has the legal authority to enter into this Agreement and perform its obligations hereunder; and (f) has duly executed this agreement, and such Agreement constitutes the valid and binding obligation of such Party, enforceable against it in accordance with its terms, except as such enforceability may be limited by bankruptcy or similar laws affecting creditors rights generally and general principles of equity.

    Hiatt hereby represents and warrants to and covenants to Crews that, other than the telephone call(s) forming the basis of the Claim, Hiatt is aware of no other telephone calls placed on its behalf to Crews for solicitations.

    4.    **NO ADMISSION.** The parties agree that this Agreement and its contents, and any and all statements, negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations asserted in this Action or any other action or proceeding.

    5.    **COSTS.** Each of the Parties shall bear and be responsible for any and all of its own expenses (including professional fees) associated with the negotiation of this Agreement.

MOTION TO SETTLE - PG 2

6.     **CONFIDENTIALITY.** The terms and conditions of this agreement are confidential between the Parties and shall not be disclosed to anyone else, except at may be necessary to effectuate its terms or as required by law, for tax purposes, or in response to a governmental inquiry, a lawful subpoena or a discover obligation in litigation or administrative proceedings, or with the Party's attorney.

7.     **NON-DISPARAGTEMENT**. The Parties shall not make or publish any statements written or verbal, or cause or encourage others to make or publish any statements, written or verbal, the defame, disparage or in any way criticize the personal or business reputation, practices or conduct of the Parties, it's employees, directors, and officers or which would reasonably be expected to lead to unwanted or unfavorable publicity about the Parties, their employees, directors and officers.

8.     **MISCELLANEOUS**

a.     **Severability.** In the event that any provision of this Agreement is held to be void, voidable, or unenforceable, it shall be severed from this Agreement and the remaining portions hereof shall remain in full force and effect.

b.     **Modification; Waiver.** This Agreement may not be amended or modified in any respect except by an instrument in writing signed by all Parties. No provision of this Agreement be waived, except in writing executed by the Party entitle to enforcement of such provision. The failure of any Party to require strict performance with any provision of this Agreement shall not be construed as a waiver.

c.     **No Assignment.** No Party shall assign or transfer this Agreement or any rights or obligations hereunder without the prior written consent of the other Party, and any attempt of assignment or transfer without such consent shall be void.

d.     **Survival of Representations and Warranties.** The representations and warranties in this Agreement shall survive the Effective Date in perpetuity.

e.     **Participation in Drafting.** Each Party has participated in, cooperated in, or contributed to the drafting and preparation of this Agreement. In any construction of this Agreement, the same shall not be construed for, or against, any Party, but shall be construed fairly according to its plain meaning.

f.     **Execution of Further Documents.** Each Party hereto will execute all further and additional documents and take all further actions as may reasonably be necessary to effectuate and carry out the provisions of this Agreement.

g.     **Counterparts; Facsimile/Electronic Signatures.** This Agreement may be executed in counterparts and delivered by facsimile or via electronic means such as PDF, and each such counterpart and/or facsimile/electronic signature shall be deemed to be an original and all of which when taken together shall constitute on executed agreement.

h.     **Entire Agreement.** This Agreement contains the entire agreement and understanding of the Parties concerning the subject matter hereof and supersede and replaces all prior negotiations, proposed agreements and agreements, written or oral, between the Parties related to the Action. Each Party acknowledges the neither the other Party, nor any agent or attorney of the other Party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof to induce it to execute this instrument, and acknowledges that it is not executing this Agreement in reliance on any such promise, representation or warranty not contained herein.

i.     **Governing Law;** Jurisdiction; Venue. The parties agree to remain silent with respect to governing law, jurisdiction and venue.

Dated this November 20, 2024.

_/s/ Donald Hiatt_

Donald Hiatt

COPIES of the forgoing were filed electronically with the court on November 20th, 2024

COPIES of the forgoing were mailed via USPS to
Justin Crews
1515 N Gilbert Rd. #107-204
Gilbert, AZ 85234

By:         _/s/ Donald Hiatt_

Donald Hiatt

MOTION TO SETTLE - PG 4